■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RENE LAGUNA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 8, 1969, convicting him of robbery in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted in the interests of justice. The findings of fact below are affirmed. The charges herein stem from the holdup of a subway change booth attendant on September 6, 1967, at the Utica Avenue station of the IRT subway line, in Brooklyn. Upon the trial, the change booth attendant identified defendant as the holdup man and, when shown People's Exhibit 1 (i.e., a toy pistol), testified that "it looks like the same gun" used by the holdup man in the robbery. The pistol was thereupon received in evidence, over defendant's objection, inter alia, that "the People have not presented any evidence as to how it came into the hands of the police." Patrolman William Bellinger testified that he saw defendant for the first time on October 7, 1967, that is, about one month after the robbery. His direct examination by the People continued as follows: " Q. I show you People's Exhibit 1 and I ask you whether you recognize that? A. Yes. Q. When for the first time did you see that? A. On October 7th, last year. Q. Where? Where was the gun? A. Oh. In the defendant's hand. In his right hand. Q. Did you see his left hand? A. Yes. Q. Was there anything in his left hand? A. Yes, there was. Q. What? A. U. S. currency." In our opinion, Patrolman Bellinger's testimony was tantamount to improper proof of the commission by defendant of a crime not charged in the indictment. Since defendant placed neither his credibility nor his character in issue, we regard that testimony so improper and prejudicial, under the circumstances herein, as to require the granting to him of a new trial in the interests of justice (see People v. McKinney, 24 N Y 2d 180), notwithstanding his failure to object to the testimony (cf. People v. Kelly, 12 N Y 2d 248, 250). Although proof of other crimes is permissible for the purpose of establishing the identity of the perpetrator of the crime charged (Richardson, Evidence [9th ed.], § 185, and cases cited therein; see, also, People v. Molineux, 168 N. Y. 264), Patrolman Bellinger's testimony cannot be justified on that ground. The circumstance that the People's Exhibit 1 was found in defendant's possession about one month after the robbery tends to connect defendant therewith; however, that circumstance is of only slight probative value — as compared to the danger of prejudice to defendant — in view of the change booth attendant's weak identification of the pistol. More significantly, if, in fact, Bellinger's testimony was elicited for the purpose of buttressing the attendant's identification of defendant, that objective could have been accomplished by simply establishing that Bellinger had observed the pistol in defendant's possession on October 7, 1967. What, then, was the trial assistant's purpose in asking the carefully framed series of questions to establish that the pistol was in defendant's *right* hand and that he had currency in his

*left hand at the same time?* Clearly, these additional facts bore *no relevance* to the issue of defendant's guilt of the crimes charged. The answer is to be found in the inference to which that testimony unmistakably gave rise. The same reasoning applies with equal force to the People's contention that the testimony was offered to overcome defendant's objection to the admission into evidence of the pistol. Moreover, the pistol was received in evidence *before* Bellinger took the stand. Since a new trial is required, we note that, in accordance with the determination made by the Trial Justice in the pretrial identification hearing, any reference to the fact that the change booth attendant was present at the time of defendant's arrest by Detective Petrara is to be avoided (cf. *People* v. *Trowbridge,* 305 N. Y. 471; see, also, *People* v. *Malloy,* 22 N Y 2d 559; *People* v. *Caserta,* 19 N Y 2d 18; *People* v. *Herrmann,* 9 N Y 2d 665; *People* v. *Cioffi,* 1 N Y 2d 70). Christ, Acting P. J., Martuscello, Brennan and Benjamin, JJ., concur; (Beldock, P. J., deceased).